

## SUPREME COURT OF DELAWARE

LEO E. STRINE, JR.
CHIEF JUSTICE

June 28, 2017

THE RENAISSANCE CENTRE
405 N. KING STREET, SUITE 505
WILMINGTON, DELAWARE 19801

David E. Ross, Esquire
Garrett B. Moritz, Esquire
Ross Aronstam & Moritz LLP
100 South West Street, Suite 400
Wilmington, DE 19801

Kevin Abrams, Esquire
John M. Seaman, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE  19807

RE:  *Chicago Bridge & Iron Company N.V. v. Westinghouse Electric Company LLC and WSW Acquisition Co., LLC*
No. 573, 2016

Dear Counsel:

The Opinion issued on June 27, 2017 in this matter has been revised to correct the mathematical error on page 26 which was brought to our attention by Mr. Moritz. The Opinion is being refiled today as reflected on the new cover page.  The corrected pages are enclosed for your convenience.

We are sorry for any inconvenience this may have caused.  Thank you.

Very truly yours,

Leo E. Strine, Jr.
Chief Justice

LESJr/ptp
Enclosures
cc:  Honorable Karen L. Valihura
     Honorable Collins J. Seitz, Jr.

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHICAGO BRIDGE & IRON COMPANY N.V., | § § § | No. 573, 2016 |
| Plaintiff Below, Appellant, | § § § | Court Below: Court of Chancery of the State of Delaware |
| v. | § § | |
| | § | C.A. No. 12585 |
| WESTINGHOUSE ELECTRIC COMPANY LLC and WSW ACQUISITION CO., LLC, | § § § § | |
| Defendants Below, Appellees. | § § § | |

Submitted: May 3, 2017
Decided: June 27, 2017
Revised: June 28, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

Upon appeal from the Court of Chancery. **REVERSED**.

David E. Ross, Esquire, Garrett B. Moritz, Esquire, Ross Aronstam & Moritz LLP, Wilmington, Delaware; Theodore N. Mirvis, Esquire (*argued*), Jonathan M. Moses, Esquire, Kevin S. Schwartz, Esquire, Andrew J.H. Cheung, Esquire, Cecilia A. Glass, Esquire, Bita Assad, Esquire, Wachtell, Lipton, Rosen & Katz, New York, New York, for Plaintiff Below, Appellant, Chicago Bridge & Iron Company N.V.

Kevin G. Abrams, Esquire, John M. Seaman, Esquire, Abrams & Bayliss LLP, Wilmington, Delaware; Peter N. Wang, Esquire (*argued*), Susan J. Schwartz, Esquire, Yonaton Aronoff, Esquire, Douglas S. Heffer, Esquire, for Defendants Below, Appellees, Westinghouse Electric Company LLC and WSW Acquisition Co., LLC.

**STRINE**, Chief Justice:

the unambiguous language of the Purchase Agreement required the Closing Payment Statement and Closing Statement to be GAAP compliant, and that the Independent Auditor's authority extends to all disputes related to the Objections Statement and Closing Statement. This appeal followed.

## II.

This Court reviews *de novo* the Court of Chancery's grant of a motion for judgment on the pleadings.[54] A motion for judgment on the pleadings may be granted only when no material issue of fact exists and the movant is entitled to judgment as a matter of law.[55] "[J]udgment on the pleadings . . . is a proper framework for enforcing unambiguous contracts because there is no need to resolve material disputes of fact."[56]

## *A.*

Chicago Bridge argues that the bulk of Westinghouse's changes to the Net Working Capital Amount fall outside the scope of matters that the Independent Auditor may resolve under the True Up because they implicate Stone's historical accounting practices. According to Chicago Bridge, the vast majority of Westinghouse's claims—or around $1.93 billion[57]—really constitute alleged

---

[54] *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1204 (Del. 1993).
[55] *Id.* at 1205.
[56] *NBC Universal v. Paxson Commc'ns Corp.*, 2005 WL 1038997, at *5 (Del. Ch. Apr. 29, 2005).
[57] *See supra* note 44.

26